SCHOTT, Judge.
Plaintiff appeals from a judgment denying the full amount of its claim under two insurance policies issued by defendant.
Plaintiff is engaged in selling lumber and building supplies in New Orleans. On September 18, 1973, a fire occurred on plaintiff’s premises causing substantial damage to its building and loss of inventory. It claimed under the property loss (inventory) and income loss policies $203,879.-55 and $59,084.74 respectively but recovered $16,709.08 less than it claimed. Defendant refused to pay the full claim on the ground that plaintiff previously under-reported its inventory. The two insurance contracts called for monthly reports of inventory upon which premiums would be based. The following was included in the property loss policy:
“At the timé of any loss, if the insured has failed to file with this Company the reports as above required, this policy, subject otherwise to all its provisions, shall cover only at the locations reported in the last report filed prior to the loss and, at the location where the loss occurs, shall cover for not more than its proportion of an amount equal to the valpe reported, less the amount of any special insurance reported, in such last report. If such delinquent report is the first report herein required to be filed, this policy shall cover only at the locations specifically listed herein and for not exceeding its proportion of 75% of each specified limit of liability.
“F. FULL REPORTING: The liability of this Company shall not exceed that proportion of loss (meaning the loss, as provided in the Excess Clause above, at the location involved), which the last reported value filed prior to the loss, less the amount of any specific insurance reported, at the location where the loss occurs, bears to the total actual cash value, less the amount of specific insurance, if any, at that location on the date for which the report was made.
“At any location acquired since filing the last report of values, the liability of this Company shall not exceed that proportion of loss (meaning the loss, as provided in the Excess Clause above at the acquired location), which the total of the values last reported and filed prior to the loss, less the total of the amounts of any specific insurance reported, at all locations, bears to the total of the actual cash values, less the total of the amounts of specific insurance, if any, at all locations on the date for which the report was made.
The following was included in the income loss policy:

“FULL REPORTING CLAUSE—

Liability under this clause shall not in any case exceed that proportion of any loss hereunder (meaning the loss at the location involved) which the last value reported to this Company prior to the loss bears to the actual cash value of the property, at the time of such report. Liability for loss hereunder occurring at any new location where, since filing the last report, the Insured may have property as hereinbefore described shall be apportioned in a like manner, except that the proportion used shall be the relation that the value at all locations reported prior to the loss, bear to the actual cash value of the property hereinbefore de *232 scribed at all locations, at the time of such report.”
* * * * * *
“REPORT OF VALUE CLAUSE:— The insured hereby agrees to furnish this Company with statements declaring the sound value of all merchandise on hand at each location named herein as of the last day of each calendar month as shown by the insured’s book records. When necessary he shall also add an estimated amount to cover merchandise received but not entered on his books and deficits due to changes in the market values.”
Defendant has taken the position that it is bound only for that proportion of the loss which plaintiff’s last inventory report bore to the actual count of goods on hand on July 31, 1973. Plaintiff, in accordance with the report of value clause, reported an inventory of $150,000 upon which premiums were paid. An actual merchandise count on that date revealed an inventory of $155,206.70 or a difference of 3.36%.
Plaintiff argues that actual counts of merchandise are not a practical approach to inventory record keeping due to the complexities of its business. Its accountant testified that the 3.36% error was reasonable considering the method of inventory calculation used, which was in keeping with sound accounting principles. In substance, plaintiff claims that its inventory record keeping was a good faith effort to reach the closest approximation possible within sound accounting procedures and that it should not be penalized as the margin of error was de minimis.
We disagree. The language of the policies is clear and unambiguous and lends no support to plaintiff’s position. Furthermore, this case parallels Reilly-Benton Co., Inc. v. Liberty Mutual Insurance Co., 278 So.2d 24 (La.1973) which supports defendant’s position. There, a claimant under reported its merchandise inventories prior to a fire loss and the Court approved a proportionate reduction in the loss payment based on policy language similar to defendant’s. The Supreme Court cited with approval the following language:
“ . . . an insured who had purchased a fixed amount of insurance could not, after his property had been destroyed, successfully seek through reformation the enlargement of his policy’s limited coverage on the ground that he had intended to obtain full insurance coverage, but had failed to do so because of a clerical error made by one of his employees in determining the value of his property.”
Thus, the deduction from the amounts claimed by plaintiff was proper in view of plaintiff’s failure to report the full value of its inventory on the last reporting period prior to the date of the loss. To the extent that plaintiff failed to report full inventory and thereby failed to pay full premiums it was self-insured for the difference.
The judgment of the trial court is affirmed.
Affirmed.